UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JACK EUGENE CARPENTER, III,<br><br>  Plaintiff,<br><br>v.<br><br>MARK GOLDSMITH,<br><br>  Defendant. | Case No. 25-10940<br>Honorable Laurie J. Michelson |

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* [2] AND SUMMARILY DISMISSING COMPLAINT [1]**

In March of 2023, Jack Eugene Carpenter III was indicted on one count of transmitting in interstate commerce a communication containing a threat to injure the person of another in violation of 18 U.S.C. § 875(c). *United States v. Carpenter*, No. 23-20152 (E.D. Mich. Mar. 9, 2023), ECF No. 15. The case was randomly assigned to United States District Judge Mark A. Goldsmith. (*Id*.) Following competency hearings in December 2023 and April 2024, Judge Goldsmith found Carpenter not competent to stand trial and ordered him committed to the custody of the Attorney General for hospitalization and treatment. *United States v. Carpenter*, No. 23-20152, ECF Nos. 124, 126. Carpenter is currently incarcerated at the Medical Center for Federal Prisoners in Springfield, Missouri ("MCFP Springfield").

In April of 2025, Carpenter filed this *pro se* suit against Judge Goldsmith (ECF No. 1), along with an application to proceed without prepaying fees and costs (ECF

No. 2). For the reasons below, the Court grants Carpenter's application to proceed *in forma pauperis* but dismisses his complaint.

## I.

In Carpenter's underlying criminal case, he was appointed counsel due to his lack of financial recourses. *United States v. Carpenter*, No. 23-20152, ECF No. 8. Carpenter also asserts in his affidavit in support of his application to proceed without prepaying fees and costs that he "has been unlawfully incarcerated for 25 months with no income" and that his "only asset is a 2014 Ford Fusion." (ECF No. 2, PageID.6.) The Court thus finds he has made the required showing of indigence under 28 U.S.C. § 1915(a)(1). *See also Carpenter v. Nogues*, No. 25-11047 (E.D. Mich. Apr. 25, 2025), ECF No. 5.

In turn, the Court has an obligation under 28 U.S.C. § 1915(e)(2) to conduct a preliminary screening of Carpenter's complaint and dismiss any claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." Pursuant to this screening, the Court summarily dismisses Carpenter's complaint.

## II.

At the outset, the Court recognizes that it is evaluating allegations by someone presently being treated for serious mental health issues. Carpenter asserts that he is a sovereign citizen of a sovereign nation. (ECF No. 1, PageID.1 (asserting that "the People of the Kingdom of Heaven exercised the right to self-determination and self-declared a government" and that "[a]s a Sovereign Nation entitled to Independence

and Dignity, a Sovereign Monarch was chosen by an internal act of the nation, and Jack Carpenter was vested with the power and authority of this office").) He contends on that basis that Judge Goldsmith lacks jurisdiction over his pending criminal case and appears to contest Judge Goldsmith's rulings that he is not competent to stand trial or to represent himself in his criminal case. (*Id.* at PageID.1–2 ("For 25 months Federal District Judge Mark A. Goldsmith has been denying the Sovereign Monarch of a Foreign Nation extraterritoriality." *Id.* at PageID.1.).)

But that does not provide a claim to support a separate lawsuit. Carpenter is represented by counsel in his criminal case. That counsel will decide if there are viable jurisdictional challenges to raise or issues to assert on appeal.

Here, Carpenter asks the Court "to order the criminal case dismissed under 28 U.S.C. § 1604 Sovereign Immunity" and seeks other forms of relief including declaratory relief and money damages. (*Id.* at PageID.2; *see id.* at PageID.3.) But the Foreign Sovereign Immunity's Act, 28 U.S.C. § 1604, does not give Carpenter a basis for suit. "The Act provides foreign states with presumptive immunity from suit in the United States. Thus, 'unless a specified exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state.'" *Republic of Hungary v. Simon*, 145 S. Ct. 480, 488 (2025) (quoting *Saudi Arabia v. Nelson*, 507 U. S. 349, 355 (1993)). In other words, 28 U.S.C. § 1604 does not create a private cause of action that either allows Carpenter's suit or enables the Court to grant the relief he seeks. What is more, "the Act does not provide foreign states and their instrumentalities with immunity from *criminal* proceedings." *Turkiye Halk Bankasi A.S. v. United*

3

*States*, 598 U.S. 264, 272 (2023). Stated differently, Carpenter "has not shown he is a foreign state or its instrumentality and, even if he could somehow do so, 'the FSIA does not grant immunity to foreign states or their instrumentalities in criminal proceedings.'" *United States v. Anderson*, No. 23-413, 2024 U.S. Dist. LEXIS 102573, at *5 (W.D. Okla. June 10, 2024) (quoting *Turkiye Halk Bankasi A.S.*, 598 U.S. at 272); *accord Richmond Cnty. Superior Ct. v. Womble*, No. 24-218, 2025 U.S. Dist. LEXIS 19892, at *1 (S.D. Ga. Feb. 4, 2025) ("Plaintiff's attempt to classify himself as a foreign state under § 1604 is precisely the type of 'sovereign citizen nonsense' the Magistrate Judge warned would not be tolerated and does nothing to undermine the Magistrate Judge's conclusion no federal statute supports removal of this case.").

Indeed, "[c]ourts have repeatedly rejected, as frivolous, arguments based on the theory of sovereign citizenship." *United States v. Jones*, No. 13-35, 2023 U.S. Dist. LEXIS 190604, at *8 (E.D. Ky. Oct. 24, 2023) (collecting cases); *see Smith-El v. Michigan*, No. 24-11370, 2025 U.S. Dist. LEXIS 52991, at *7 (E.D. Mich. Mar. 20, 2025) ("Courts have routinely found sovereign-citizen arguments to be 'frivolous and a waste of court resources.'" (collecting cases)); *United States v. Cook*, No. 18-19, 2019 U.S. Dist. LEXIS 108991, at *4–5 (E.D. Tenn. June 28, 2019) ("A sovereign citizen's arguments that they are beyond the jurisdiction of the courts should be 'rejected summarily, however they are presented.'" (quoting *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011))); *cf. Noles v. United States*, No. 23-150, 2024 U.S. Dist. LEXIS 215185, at *4–5 (E.D. Tenn. Nov. 26, 2024) ("[C]ourts frequently *sua sponte* dismiss sovereign citizen complaints for lack of subject matter jurisdiction or dismiss

4

sovereign citizen complaints on this ground without extended argument." (collecting cases)). It is not surprising that another judge in this District recently screened and dismissed Carpenter's similar complaint against the federal public defender who represents Carpenter in his criminal case, concluding that Carpenter's "oftentimes incomprehensible allegations . . . fail to state a claim for relief" and that Carpenter's "challenges [to] the district court's jurisdiction over his criminal case" based on the "fantastical theory of sovereign immunity" were "patently frivolous." *Carpenter v. Nogues*, No. 25-11047 (E.D. Mich. Apr. 25, 2025), ECF No. 5, PageID.14–15; *accord Cargill v. United States*, No. 25-175, 2025 U.S. Claims LEXIS 1045, at *10 (Fed. Cl. Apr. 28, 2025) ("Claims predicated on sovereign citizen theories are frivolous." (collecting cases)); *see Wilson v. Abound Credit Union*, No. 24-446, 2024 U.S. Dist. LEXIS 225033, at *6–7 (W.D. Ky. Dec. 12, 2024) (collecting cases).

As a final matter, the Court notes that Carpenter's allegations, which concern Judge Goldsmith's adjudication of his criminal case, support that Judge Goldsmith is entitled to judicial immunity from Carpenter's claims against him. "It is well-settled that judges have absolute judicial immunity for their judicial actions, including the imposition of sentences in criminal cases. Even if the case were not entirely subject to dismissal as frivolous and for failure to state a claim [under 28 U.S.C. § 1915(e)(2)(B)], the Defendant judge[] would be entitled to absolute judicial immunity for performing judicial duties." *Bey v. Jefferson*, No. 17-1007, 2017 U.S. Dist. LEXIS 73066, at *18 (D.S.C. Apr. 21, 2017) (citations omitted) (dismissing, pursuant to 28 U.S.C. § 1915(e)(2), plaintiff's complaint claiming sovereign

5

citizenship and seeking dismissal of pending criminal charges for alleged lack of jurisdiction), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 72561 (D.S.C. May 11, 2017); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'").

Again, Carpenter's reliance on his Sovereign status is unavailing. Federal district judges have jurisdiction over federal criminal cases. 18 U.S.C. § 3231. And, as explained, allegations of sovereign citizenship do not divest a court of jurisdiction. Nor do they negate a judge's absolute judicial immunity from civil suit. *See Harper v. Khalil*, No. 24-11517, 2024 U.S. Dist. LEXIS 161129, at *4–5 (E.D. Mich. July 12, 2024) (finding defendant judges entitled to judicial immunity, rejecting plaintiff's argument that because he was a sovereign citizen defendant judges acted without jurisdiction, and dismissing claims under 28 U.S.C. § 1915(e)(2)(B)(iii)); *Williams v. City of Battle Creek*, No. 25-10270, 2025 U.S. Dist. LEXIS 39657, at *4–5 (E.D. Mich. Mar. 5, 2025) (dismissing, pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff's claims that his alleged sovereign citizenship precluded defendants' exercise of jurisdiction without his consent or their invocation of immunities and concluding that "any claim against Magistrate Judge Heiss must be dismissed because he [is] immune from liability arising out of the performance of his judicial or quasi-judicial duties, even if conducted erroneously or in bad faith"); *accord Heineman v. Alsup*, No. 24-06207, 2025 U.S. Dist. LEXIS 39978, at *6–9 (N.D. Cal. Mar. 5, 2025) (rejecting plaintiff's

claim that judge "lacked jurisdiction over him [as a sovereign citizen] and therefore any claim to judicial immunity is inapplicable," *id.* at *7, and explaining that "even without [the plaintiff's] 'sovereign citizen' framing, he appears to lack understanding concerning how and when a federal court may exert jurisdiction over an individual" and that "[the judge] had personal jurisdiction over [the plaintiff] at the start of [his] criminal case, and at every subsequent hearing thereafter," *id.* at *8–9).

### III.

In sum, Carpenter's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for raising frivolous claims, failing to state a claim upon which relief may be granted, and seeking monetary relief against a defendant who is immune from such relief. The Court thus GRANTS Carpenter's application to proceed *in forma pauperis* and DISMISSES his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED.

Dated: May 6, 2025

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE